Allread, J.
This action is a proceeding in error to review the judgment and rulings of the probate court on a contest of the election for mayor of the city of Greenville.
The election, as canvassed by the election officers, resulted in a tie. Lots having been cast, the result was in favor of A. N. Wilson, who received the certificate of election. T. C. Maher, the opposing candidate, thereupon contested the election. The contest resulted in favor of Maher. A motion for a new trial was thereupon filed in the probate court and overruled. A bill of exceptions was then taken, embodying the evidence taken on the trial together with the rulings of the court and is now brought before this court for review.
The defendant in error files a motion to strike the bill of exceptions from the files and also objects to the jurisdiction of this court to review the judgment upon proceedings of the contest.
As to the validity of the bill of exceptions, the circuit court of this county in the ease of Bachman v. Wrighi, unreported, involving also a contest of an ©lection for mayor, held:
"That there is no right to take a bill of exceptions; and that we can not review the questions presented by the bill of exceptions. ’ ’
It is claimed, however, that more recent decisions of the circuit court in the Washington, C. II. cases under the Beal law *541 destroys the force of the decision in Bachman v. Wright, supra. But an examination of the Beal law discloses that election contests under that act are triable to the probate judge, and not to a jury of freeholders, as in the ease at bar. This distinction is vital, and harmonizes the two decisions of the circuit court. The law expressly authorizes a bill of exceptions to be taken where (the judgment and final order is rendered by the probate court or .a judge .as provided for under the Beal law. But a bill of exceptions is not provided for where the final judgment or decision is rendered by a tribunal other than a court or judge.
The decision of the circuit court in the ease of Bachman v. Wright, supra, being directly in point, is controlling here and requires this court to sustain the motion of the defendant in error and strike the bill -of exceptions from the files.
Counsel for plaintiff in error claim 'that even if the bill of exceptions be stricken from the files the court has authority to review the decision of the freeholders in connection with the points .of contest upon which it is founded and the sufficiency of the notice' served or attempted to be served upon the .contestee.
It will be observed from the statutes that the freeholders decide the contest. And that whether the decision be for the eonitestor .or contestee the probate judge does not pass upon or confirm it, nor can he set it aside or modify it. Iiis jurisdiction as to the final judgment is limited to the question of costs, and as the costs have been adjudicated against the city, plaintiff in error is not prejudiced thereby.
The question therefore is, can the decision of the tribunal of freeholders be reviewed in this .proceeding, and if erroneous can the decision be set aside or the cause remanded for a new •trial ?
A contest of an election like the proceedings of the board of canvassers belongs primarily to the administrative branch and is not considered judicial, unless the jurisdiction to try and decide the contest be conferred upon a court or judge. Powers v. Reed, 19 Ohio St., 189; State v. Harmon, 31 Ohio St., 250; Stearns v. Wyoming, 53 Ohio St., 352.
In the case of State v. Harnton, supra, it said:
*542 “It was contended by counsel, in Powers v. Reed, that the authority to try contested elections was, in its nature, political or administrative, and might be conferred on any officer or political body, as well as upon the courts.
“This proposition was not denied by the court; but the decision is placed on the ground that, the power having been conferred on the court,.its action was the exercise of judicial authority, and was subject, under the code, to review on questions of' law.”
The circuit court in Bachman v. Wright, supra, did not pass expressly upon the question of the jurisdiction of the common pleas court on error, but from the language employed there, as well as what is said by the Supreme Court, it seems to follow that the appropriate remedy to review the form and substance of the decision of the freeholders, in connection with the points of contest upon which the decision is founded, is in an action of quo warranto brought directly to determine the title to the office. State v. Wright, 56 Ohio St., 540.
In the case just cited it is said that after the jury of freeholders have signed' their decision and been discharged, they can not be reassembled; hence a judgment of reversal on proceedings in .error is not contemplated.
Again it is said in the same case — which it must be remembered was in quo warranto — on page 558:
“In order to deprive a person of an office to which he has been declared elected by the duly constituted election officers having that authority, and to which he bears the customary evidence of his title, the decision of a contest instituted against him should on show its face, with reasonable certainty, that he was not elected.”
These authorities therefore sustain the claim that the decision of the freeholders can not be reviewed in this court on error. The jurisdiction of this court is confined to a review of the final judgment and orders of .the probate court. It is claimed that the probate court erred in the service upon the contestee; that the requirement of the statute as to notice is only fulfilled by personal service, and that without personal service the probate court had no jurisdiction to swear the freeholders or proceed with the trial.
*543 The statute requires the probate judge to communicate to the contestee notice of the contest specifying certain matters and citing him, the contestee, to appear, and also that when he issues the notice to the contestee he shall appoint and summon three freeholders, etc.
From -these terms -so employed in the statute it appears that the notice must be “issued” by the probate court -and that court must “cite” the contestee'to appear:
The term “cite” is thus defined: “to call” or “summon.” “To notify a party of a proceeding against him or call him to appear and defend, ’ ’ -and is applied particularly to- process in the probate court. 6 Am. & Eng. Enc. Law (2d Ed.), 13.
The writ therefore containing the notice and citation to be thus formally issued by the probate judge is the equivalent of the summons and is governed by the code of civil procedure as to the manner of service.
What -the -rule might be if the proceedings in contest were held to be wholly administrative and not judicial, so as to exclude the application of the code of civil procedure as to- the manner of service need not be considered, for in that event the jurisdiction to review the sufficiency of the notice would not be conferred on this court.
The probate judge, however, after the decision of the freeholders was made, proceeded to' render a judgment based upon the freeholders’ decision to the effect that the contestee and not the contestor was duly elected. In doing so he exceeded his jurisdiction. ILe could only render judgment for costs. It may be claimed that the judgment of the probate court being without jurisdiction is harmless, but it has been held that a judgment even in excess of the court’s jurisdiction may be reversed. Haff v. Fuller, 45 Ohio St., 495.
So much of the judgment of .the probate court as assumes to render a judgment upon the -contest itself is vacated, set aside and held for naught. In all other respects the proceedings of the probate court so far as they appear in the record exclusive of the bill of exceptions are .affirmed. The decision of the freeholders is not reviewed for want of jurisdiction.
D. L. Gaskill, T. C. Miller, H. M. Cole, W. W. Teegarden and J. M. Hoel, for plaintiff in error.
D. W. Bowman, J. C. Clark, A. C. Robeson, O. R. Krickenberger, S. V. Hartman and John Maker, contra.

 Affirmed by the Circuit Court, May Term, 1906.